JOHN W. HUBER, United States Attorney (#7226)
ANGELA JEAN CLIFFORD-SALISBURY, Assistant United States Attorney (# 17456)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LUI LAGA,<br><br>　　　　Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br>Case No. 2:21-cr-00032 TS |

☐　　The United States is not seeking detention.

☐　　Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒　　The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒　Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

　　☐　**(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

    ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

        **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

        **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

    ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

        ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

        ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

        ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

        ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

        ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

Defendant, Lui Laga, was on probation at the time of the instant offense. When he was arrested for this offense, a warrant had been issued for his arrest in Salt Lake County District Court (Case No. 181913171, 191900078) based on Mr. Laga absconding from probation and new May 23, 2020 charges for Aggravated Assault. Mr. Laga has a criminal history of defying officer commands including his conviction for Felony Failure to Respond to Officer Commands (Case No. 181913171) and Interference with an

4

arresting officer (Case No. 191402621).  Mr. Laga also was initial defiant of officer commands upon his arrest in this case.

With respect to dangerousness, the allegations in his Aggravated Assault Case are disturbing. According to law enforcement and corroborated by security footage, on May 23, 2020 Mr. Laga punched a person at the Holiday Inn in Orem, Utah without provocation, causing a fractured orbital socket and cheek bone which required surgery. The victim was advised by doctors that blowing his nose could cause death or damage to his brain due to the injuries caused by Mr. Laga.  According to the probation report prepared by Provo AP&P in October 2020, Mr. Laga was also under investigation for an assault in which his girlfriend received injuries requiring hospital treatment.

In this instant case, the circumstances and strength of evidence supports detention as well:  On October 23, 2020, officers located probation fugitive Lui Laga driving a vehicle, with two passengers inside. One of those passengers was Sita Leusogi. Lui Laga and Sita Leusogi are known associates of Sean Larson (recently arrested for assaulting a federal agent with his vehicle after being on fugitive status stemming from kidnapping charges in Nevada). Police followed Mr. Laga's vehicle to a location where the vehicle stopped and parked. Mr. Leusogi exited the vehicle and began walking south. Officers temporarily detained Mr. Leusogi. The female passenger in the vehicle exited upon officer command.

Mr. Laga was initially not fully compliant with officer commands. Mr. Laga eventually complied and exited the vehicle. Once Mr. Laga was placed into custody, officers observed a Glock handgun in plain view on the driver's seat where Mr. Laga was just sitting. Mr. Laga was on probation at that time for a felony conviction. On the floor of the driver's seat, officers observed a backpack. A search of the vehicle revealed that the backpack contained an additional Glock handgun (which was reported as stolen) and two magazines. Additional 9mm ammunition was discovered inside the driver's side door of the vehicle.

Officers turned their attention back to Mr. Leusogi. Mr. Leusogi was sitting on the ground, holding a scale with a clear, plastic lid. The lid contained a crystal-like residue which appeared to be methamphetamine. The officer, preparing to frisk Mr. Leusogi, asked Mr. Leusogi if he had any firearms or drugs on him. In response, Mr. Leusogi handed over a plastic-wrapped substance which appeared to be methamphetamine. It later field-tested positive as methamphetamine. The officer stated to Mr. Leusogi that he was going to search him for weapons and asked if he had anything else on him. Mr. Leusogi stated that he had more methamphetamine in his pocket. The officer then pulled a plastic Tupperware-like container with what appeared to be methamphetamine from his jacket. The substance, which later field tested positive for methamphetamine, weighed approximately 85 grams.  Officers began to frisk Mr. Leusogi, noticing a bulge near his waistband. The officer asked what the bulge was, to which Mr. Leusogi replied that it

was something he was holding for Mr. Laga. Mr. Leusogi advised it was inside his pocket rather than his waistband. The officer removed a Ruger pistol with an obliterated serial number from Mr. Leusogi's pocket. The magazine in the Ruger contained four live rounds of ammunition.

## Victim Notification

☐   The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐   The victim(s) in this matter seek(s) a no contact order.

☒   This matter does not involve a victim requiring notification.

DATED this 27th day of January 2021.

___/s Angela Jean Clifford-Salisbury_____
Angela Jean Clifford-Salisbury
Assistant United States Attorney